**UNITED STATES of America,**

v.

**Patrick C. DAVID, Defendant.**

**Criminal Action No. 93–306 (RCL)**

United States District Court,
District of Columbia.

Signed 03/08/2010

---

Allessandra Elizabeth Stewart, Carolyn K. Kolben, U.S. Attorney's Office, Angela S. George, U.S. Department of Justice, Teresa Ann Howie, Timothy W. Lucas, U.S. Attorney's Office for the District of Columbia, Washington, DC, for United States of America.

## MEMORANDUM & ORDER

Chief Judge Royce C. Lamberth

## I.  INTRODUCTION

Defendant Patrick C. David's motion [Dkt. 74] under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion, the Government's response to the motion, the defendant's reply, the applicable law, and the entire record herein, the motion will be DENIED.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 1993, a jury rendered a verdict of guilty against David for the un- lawful possession with intent to distribute 50 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A)(iii), using and carrying a firearm during a drug traf- ficking offense, in violation of 18 U.S.C. § 924(c)(1), the unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession of an un- registered firearm, in violation of 6 D.C. Code § 2311(a), and possession of unregis- tered ammunition, in violation of 6 D.C. Code § 2361(3). On September 12, 1994, the Court sentenced David to an aggregate sentence of 211 months of incarceration, with 151 months of that sentence stem- ming from the unlawful possession with intent to distribute. This sentence was based on a finding that the applicable sen- tencing range under the United States Sentencing Guidelines was 151 to 188 months, given defendant's criminal history category of II and offense level 33. On appeal, the defendant's conviction for using and carrying a firearm during a drug traf- ficking offense was vacated and David was resentenced on July 31, 1997, to an aggre- gate sentence of 188 months of incarcera- tion. This sentence was based on a finding that the applicable sentencing range under the United States Sentencing Guidelines was 188 to 235 months, given defendant's criminal history category of II and offense level 35. The parties and the Court agreed on this range because at the original sen- tencing in 1994, the parties and the Court mistakenly believed that the appropriate base offense level was 33, rather than a level 34. On remand, the parties and the Court agreed that it was appropriate to add two levels for the possession of the firearm, after vacating the carrying a fire- arm during a drug trafficking offense, but agreed that the two levels should be added from the original level 33, making the total offense level a 35. Tr. 7/31/1997 at 6–7.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On October 30, 2008, the defendant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 and the amendments to the Guidelines. For the reasons that follow, defendant's motion will be denied.

## III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35.18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706 applies in this case. However, the Court's power to reduce sentence is discretionary. In evaluating a § 3582(c)(2) motion, the district court must determine "the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced ...." U.S.S.G. § 1B.10(b). Additionally, the court must consider the factors listed in § 3553(a).

In determining a sentence that is "sufficient, but not greater than necessary" to fulfill these penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. See U.S.S.G. § 1B1.10, comment. n.2.

The government argues against any reduction in David's sentence based on public safety grounds. Specifically, the government emphasizes the defendant's prior felony conviction and post-sentencing disciplinary infractions, including multiple as-

saults and indecent exposure. The defendant highlights that he has already been punished for his disciplinary infractions while incarcerated, that his prior felony conviction is accounted for already in the calculation of his criminal history category under the sentencing guidelines, and that he has taken steps to rehabilitate himself. Specifically, David has earned his GED while incarcerated and has participated in various programs such as the Psychology of Achievement, Beat the Streets, and Dealing with Grief.

While the Court applauds the defendant's efforts at rehabilitation, the Court can not ignore the serious disciplinary infractions defendant has received since being incarcerated. The public safety concerns of this case arise from the fact that the defendant was found with an extensive amount of crack cocaine and drug paraphernalia along with a handgun at the time of his arrest. Further, at the time of his arrest for the instant offenses, the defendant was on probation for a felony conviction. Additionally, the number of the defendant's disciplinary infractions since his 1997 resentencing is notable. The defendant has received 39 separate disciplinary infractions, some of which include multiple instances of assault and indecent exposure. Some of these infractions occurred just seven months prior to the filing of the instant motion to reduce sentence. The defendant's current sentence furthers the policy objectives to be achieved through federal sentencing, namely to "promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Further, the sentencing scheme directs the court to consider the characteristics of the defendant and the penological purpose of imposing a sentence that is sufficient but no greater than necessary to achieve sentencing objectives. Therefore, the Court concludes that given the circumstances of the case, public safety concerns posed by the defendant, and the defendant's disciplinary record, the defendant's sentence is not appropriate for a reduction. For the reasons stated in this opinion, the defendant's motion will be denied.

## IV.  CONCLUSION

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out. The defendant has failed to demonstrate that a sentence reduction is appropriate under the circumstances. Accordingly, it is hereby

ORDERED that defendant's motion is denied.

SO ORDERED.